UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHIRIN AKTER,

                      Plaintiff,

               - against -

TARGET CORPORATION,

                      Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-707 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Shirin Akter ("Plaintiff" or "Akter") brings this lawsuit against Defendant Target Corporation ("Defendant") for injuries that she alleges she suffered when she slipped and fell.[1] Defendant has moved for summary judgment, asserting that Plaintiff has failed to advance sufficient evidence to make out a prima facie case of negligence. For the reasons discussed below, the Court grants Defendant's motion and terminates this action.

## BACKGROUND

### I.  Relevant Facts[2]

On August 30, 2020, Plaintiff visited the Queens Place Mall, located at 8801 Queens Boulevard, in Queens, New York (the "Queens Place Mall" or the "Mall"), with her son, MD Akter

---

[1] The location of Plaintiff's slip-and-fall is unclear. *See infra* Discussion.

[2] Unless otherwise noted, a standalone citation to a party's Local Rule 56.1 statement denotes that this Court has deemed the underlying factual allegation undisputed. Any citation to a 56.1 statement incorporates by reference the documents cited therein; where relevant, however, the Court may cite directly to an underlying document. *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York 56.1(c)–(d). The Court construes any disputed facts in the light most favorable to Plaintiff, as the non-moving party, for purposes of Defendant's summary judgment motion. *See Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016).

("MD"), and his wife, Tanya Akter ("Tanya").[3]   (Pl.'s 56.1 ¶¶ 3–5, 10.)  What happened after Plaintiff and her family members arrived at the Mall is unclear.   Plaintiff claims, albeit inconsistently, that she slipped and fell "opposite" one of Defendant's stores ("Target"), which is located on the third and fourth floors of the Mall.  (*Id.* ¶¶ 3–6; Pl.'s Response to Interrogs., Dkt. 23-8, ¶ 3.  *But see* Tr. of Plaintiff Dep., Dkt. 23-6 ("Pl. Dep. Tr."), at 21:14–17 (Plaintiff unsure what floor she was on when she fell), 29:11–13 (Plaintiff fell "next to the carpet store" on the second floor of the Mall), 30:8–12 (MD and Tanya "were in the next store" when she fell), 31:13–17 (MD and Tanya "were in the same store towards one side of that store" when Plaintiff fell), 37:9–11 (the accident happened in a carpet store).)  But MD claims, in substance, that he found his mother on the floor a few feet from the baby section inside Target.  (*See* Pl.'s 56.1 ¶¶ 34–35; Tr. of MD Dep., Dkt. 23-11 ("MD Dep. Tr."), at 49:6–9, 60:9–61:24, 65:11–12 (testifying that he found his mother near "things to do with carpets . . . next to the baby section").  *But see* Pl.'s Sept. 12, 2022 Ltr., Dkt. 23-10, at 1 (MD "confirmed that the incident did in fact take place adjacent to Target on the 4th floor at the shopping plaza").)  Plaintiff does not know what she slipped on and did not see anything on the floor before she fell.  (Pl.'s 56.1 ¶¶ 19–20.)  She did not observe anyone from the Mall cleaning before the accident or waxing the floor, or observe anything different about the location where she fell compared to other nearby areas.  (*Id.* ¶¶ 21–23.)  Plaintiff and her family members did not report the accident to Target before leaving the store.  (*Id.* ¶ 37.)

---

[3] The Complaint refers to the date as August 30, 2020, (Compl., Dkt. 1-2 ("Compl."), ¶¶ 3–6), but in a separate complaint filed by Plaintiff against the owner of the Mall, Plaintiff alleges that she fell on August 31, 2020, (Pl.'s Rule 56.1 Response and Statement of Additional Facts ("Pl.'s 56.1"), Dkt. 21-1, ¶¶ 1–2).  Additionally, the Complaint refers to the location as the "Queens Plaza Mall," (Compl. ¶¶ 5–6), but in the parties' Local Rule 56.1 statements, the parties refer to the location as the "Queens Place Mall," (Pl.'s 56.1 ¶¶ 1–2, 10).  Based on the undisputed facts in this matter, the Court construes the relevant date as August 30, 2020, and the location as the "Queens Place Mall."

On November 4, 2020, Stanley Fein ("Fein"), a professional engineer retained by Plaintiff, conducted an inspection of the floor leading from the Mall's parking garage to Target. (*Id.* ¶ 25.) Fein produced a report, dated November 11, 2020, which states that Plaintiff "slipped and fell adjacent to the Target store" and references two photographs of the location where Plaintiff fell. (*Id.* ¶ 26.) The two photographs show a vinyl-tiled hallway near the exit of Target. (*Id.* ¶ 27.)

## II.    The Instant Litigation

On January 13, 2022, Plaintiff filed this lawsuit in the Supreme Court of the State of New York, Queens County, alleging that Defendant was negligent. (*See generally* Compl.) On February 8, 2022, Defendant removed Plaintiff's lawsuit from state court to this Court. (Dkt. 1.) On February 11, 2022, Defendant answered the Complaint. (Dkt. 4.)

The parties proceeded to discovery. On April 12, 2022, Plaintiff provided Defendant with a copy of Fein's report, (Dkt. 8 at 2), and on May 16, 2022, Plaintiff served sworn interrogatory responses stating that "Plaintiff is unaware of any witnesses" to the accident, (Pl.'s 56.1 ¶¶ 29–30).

On May 23, 2022, Defendant filed a motion to preclude Fein's report because, among other reasons, Fein's conclusion that "[t]he subject floor," which was "polished to a very high sheen," "does not give proper traction and was the proximate cause of the accident and injuries sustained by [Plaintiff]," was "speculative" based on Fein's inspection of the floor more than two months following the accident. (Dkt. 8 at 1, 3; Dkt. 8-1 at ECF 4.[4]) Magistrate Judge James R. Cho denied the motion as premature, with leave to refile. (6/10/2022 Minute Order.)

---

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

On August 23, 2022, Plaintiff was deposed.  (*See generally* Pl. Dep. Tr.)  At Plaintiff's deposition, she could not recognize the photos of the vinyl floor from Fein's report.  (Pl.'s 56.1 ¶ 28.)

On September 12, 2022, Plaintiff served Defendant with a letter stating that MD was a witness.  (*Id.* ¶ 32.)  MD was subsequently deposed on November 14, 2022.  (*See generally* MD Dep. Tr.)

On December 13, 2022, after MD's deposition, Plaintiff's counsel served Defendant with a letter, dated December 5, 2022, and two additional photographs, stating that MD "recently forwarded [the] photographs to my office" and that they "depict the area where the incident took place."  (Pl.'s 56.1 ¶ 38.)  The letter further stated that Fein's report pertained to a different area and advised that Plaintiff was withdrawing Fein's expert opinion relating to the condition of the floor.  (*Id.* ¶ 39; Pl.'s Dec. 5, 2022 Ltr., Dkt. 23-12 ("Pl.'s Dec. 5, 2022 Ltr."), at 1.)

After discovery, Defendant stated its intention to move for summary judgment, and the Court set a briefing schedule.  (*See* 1/13/2023 Docket Order.)  On March 14, 2023, Defendant served its motion for summary judgment on Plaintiff.  (Mem. of Law in Supp. of Def.'s Mot. for Summ. J., Dkt. 23-13 ("Def.'s Mem.").)  On April 19, 2023, Plaintiff served her papers in opposition.  (Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., Dkt. 21-2 ("Pl.'s Opp'n").)  On April 28, 2023, Defendant served its reply.  (Def.'s Reply Mem. of Law, Dkt. 23-14 ("Def.'s Reply").)

## LEGAL STANDARD

Summary judgment is proper only where "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The mere existence of some factual dispute between the parties will not defeat a motion for summary

judgment.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Rather, a genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the nonmovant's favor."  *Walsh v. N.Y.C. Hous. Auth*., 828 F.3d 70, 74 (2d Cir. 2016).  The Court resolves all factual ambiguities and draws all permissible inferences in favor of the nonmoving party.  *See Estate of Gustafson*, 819 F.3d at 675.

Initially, the movant must demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A movant may demonstrate the absence of a material factual dispute by pointing to the lack of evidence in support of an essential element of the plaintiff's claim.  *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023).  Once the movant has met its burden, the nonmovant must present specific facts showing that there is a genuine issue for trial.  *Id.*  If "little or no evidence may be found in support of the nonmoving party's case," summary judgment is proper.  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994); *accord Ockimey v. Hempstead*, 425 F. App'x 45, 45 (2d Cir. 2011) (summary order).

## DISCUSSION

Defendant argues that summary judgment is proper because Plaintiff "is unable to provide any evidence of a hazardous condition."  (Def.'s Mem. 1); *see Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014).  The Court agrees.

To succeed on a negligence claim, a plaintiff must show "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom."  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon v. City of N.Y.*, 489 N.E.2d

1294 (N.Y. 1985)).[5]  In a slip-and-fall case, the plaintiff's "burden . . . is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that [the] defendant created the hazardous condition."  *See Lionel*, 44 F. Supp. 3d at 319 (citing *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order)); *see also Strass v. Costco Wholesale Corp.*, No. 14-CV-6924 (PKC) (VMS), 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016) ("[T]he plaintiff must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition." (quoting *Lionel*, 44 F. Supp. 3d at 318 (emphasis omitted))).

Even construing the evidence in the light most favorable to Plaintiff, as the Court must, no reasonable jury could conclude that Defendant created a dangerous condition, as required to find Defendant liable for negligence.  *Susana v. NY Waterway*, 662 F. Supp. 3d 477, 492 (S.D.N.Y. 2023) ("[B]ecause there is no evidence from which a reasonable jury could conclude that Plaintiff tripped due to a dangerous or defective condition, her negligence claim fails as a matter of law."); *Lionel*, 44 F. Supp. 3d at 320 (granting summary judgment to defendant where "the absence of . . . tangible evidence to support Plaintiff's theory[] [was] insufficient to permit a reasonable jury to find that Defendant[] . . . created [a] hazard").

As a preliminary matter, the Court notes Plaintiff's numerous inconsistent allegations regarding the location where she fell.  Indeed, as Defendant observes, Plaintiff has identified several different locations as the site of the accident over the course of this litigation—including locations outside the Target.  (Def.'s Reply 4; *see, e.g.*, Pl.'s 56.1 ¶ 3 (noting undisputed fact that

---

[5] The Court applies federal procedural law to determine whether Defendant is entitled to summary judgment, but New York substantive law as to the elements of Plaintiff's claim.  *See Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017) (summary order) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

the Complaint alleges that Plaintiff slipped and fell "opposite Target"); *id.* ¶ 26 (noting undisputed fact that Fein report stated that "[P]laintiff 'slipped and fell adjacent to the Target store'")[6]; Pl.'s Response to Interrogs., Dkt. 23-8 ¶ 3 ("The occurrence took place . . . opposite Target."); MD Dep. Tr. at 49:6–9, 60:9–61:24, 65:4–12 (testifying that MD found his mother inside the Target near "things to do with carpets that is next to the baby section" on the fourth floor); Pl. Dep. Tr. at 21:14–15 (Plaintiff's testimony that "I'm not sure what floor it was on in the mall [where she fell]"), 29:3–13 (Plaintiff's testimony that she fell "next to the carpet store" on the second floor of the Queens Place Mall), 30:8–12 (Plaintiff's testimony that MD and Tanya "were in the next store" when she fell), 31:13–17 (Plaintiff's testimony that MD and Tanya "were in the same store towards one side of that store" when Plaintiff fell), 37:9–11 ("Q. Did your accident happen in the carpet store? A. Yes, yes."); Pl.'s Sept. 12, 2022 Ltr., Dkt. 23-10, at 1 (stating that MD "confirmed that the incident did in fact take place adjacent to Target on the 4th floor at the shopping plaza"); Pl.'s Dec. 5, 2022 Ltr. at ECF 3–4 (depicting section of floor inside Target); *see also* Def.'s Mem. 1; Def.'s Reply 4.)

Ultimately, however, the Court is bound at summary judgment to construe the facts in the light most favorable to Plaintiff. *See Estate of Gustafson*, 819 F.3d at 675. Plaintiff has presented at least some evidence that she fell inside Target. (*See* MD Dep. Tr. at 49:6–9, 60:9–61:24, 65:11–12); *see also Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775 (GWG), 2013 WL 4017166, at *3 (S.D.N.Y. Aug. 7, 2013) (finding that plaintiff's sworn statements as to what she saw when she slipped "are sufficient at the summary judgment phase"). Thus, for purposes of

---

[6] Plaintiff's decision to not rely on Fein's expert opinion does not negate Fein's findings or its import with respect to the Court's determination of whether there exists a genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *see Walsh*, 828 F.3d at 74 (stating that genuine issue of material fact exists "where the evidence is such that a reasonable jury could decide in the nonmovant's favor").

Defendant's summary judgment motion, the Court assumes without deciding that Plaintiff fell inside the Target store.[7]

Nevertheless, the Court must grant summary judgment to Defendant because Plaintiff has failed to present any evidence of a dangerous condition. *Susana*, 662 F. Supp. 3d at 490 (granting summary judgment to defendant where plaintiff could not "establish the existence of a dangerous condition or defect, . . . [by] point[ing] to a specific condition that caused her injury"); *see Lionel*, 44 F. Supp. 3d at 320 ("Plaintiff's theory, while plausible, is not supported by any evidence and thus speculative and insufficient to defeat summary judgment."). It is undisputed that Plaintiff does not know what she slipped on and did not see anything on the floor before she fell. (Pl.'s 56.1 ¶¶ 19–20.) Alone, this is not fatal to Plaintiff's claims, as she could prove the existence of a dangerous condition through admissible evidence. (*See* Pl.'s Opp'n 6 (citing *Hoovis v. Grand City 99 Cents Store, Inc.*, 45 N.Y.S.3d 524, 525 (N.Y. App. Div. 2017) (only a "plaintiff's inability to establish the cause of his or [her] fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence")); *id.* at 10 (citing *Seixas v. Target Corp.*, No. 15-CV-3851 (ERK) (RML), 2017 WL 2178425, at *3 (E.D.N.Y. May 16, 2017) (denying summary judgment for defendant based on photographs showing a dangerous condition of liquid spilled on the floor).) But Plaintiff has failed to present such evidence. While Plaintiff argues that

---

[7] The Court notes that, "[a]s a general matter, a court will not make credibility determinations on a motion for summary judgment." *Hernandez v. Kirby Forensic Psychiatric Hosp.*, No. 14-CV-5910 (AJN), 2019 WL 4640054, at *2 (S.D.N.Y. Sept. 24, 2019). Here, the Court avoids doing so by assuming that, despite Plaintiff's contradictory testimony, Plaintiff fell inside Target. *See Estate of Gustafson*, 819 F.3d at 675. However, to the extent that Plaintiff attempts to explain the inconsistencies in Plaintiff's testimony by pointing out that she is an elderly "Bangladeshi Muslim noncitizen, . . . [who] does not speak English, has a middle school level education, and has impaired memory from a brain injury she sustained in an accident in Bangladesh before she came to the United States," (Pl.'s Opp'n at 2), those facts certainly do not bolster her credibility and would only serve to undermine the weight any jury would give her testimony at trial.

8

MD's photographs "depict a shiny vinyl tile floor that looks substantially the same as the floor depicted in [Fein's earlier] photos, which was determined to be dangerously slippery," (Pl.'s Opp'n 10 (referencing Pl.'s Dec. 5, 2022 Ltr.)), the photographic evidence cannot show that a dangerous condition existed for two reasons.

First, although Plaintiff's December 5, 2022 letter providing MD's photos to Defendant stated that the photos were "recent[]," (Pl.'s 56.1 ¶ 38), there is no evidence that MD's photographs show the condition of the floor at the time of the accident, (*see* Def.'s Reply 6 (noting that Plaintiff "is asking the Court to speculate that the different location of floor [in MD's photographs] was in the same exact condition at the moment of her accident, as it was three months later when it was inspected by [Fein]")). Indeed, Plaintiff offers no testimony or declaration from MD attesting to when he purportedly took the photos. Plaintiff's pure speculation that a dangerous condition existed when she fell is insufficient to prevent summary judgment. *See, e.g.*, *Lionel*, 44 F. Supp. 3d at 320; *Brown v. Reinauer Transp. Cos., L.P.*, No. 16-CV-3998 (LDH) (PK), 2018 WL 9986677, at *2 (E.D.N.Y. Sept. 26, 2018) (granting summary judgment to defendant where plaintiff did not "see," "feel," or "know" what caused him to fall, and thus "merely speculated the cause of his fall"), *aff'd*, 788 F. App'x 47 (2d Cir. 2019); *Saccenti v. Target Corp.*, No. 20-CV-4098 (BMC), 2021 WL 2716644, at *1 (E.D.N.Y. July 1, 2021) (granting summary judgment to defendant based on plaintiff's presentation of "nothing but speculation"); *Yates v. Costco Wholesale Corp.*, No. 19-CV-4023 (ENV) (RLM), 2021 WL 9409159, at *7–8 (E.D.N.Y. June 30, 2021) (granting summary judgment for defendant where "[t]he photographs in the record [were] unhelpful" as they were "taken in the moments and months after the incident"); *Goldin v. Riverbay Corp.*, 889 N.Y.S.2d 557, 559–60 (N.Y. App. Div. 2009) (granting summary judgment where "[t]he affidavit of plaintiff's expert engineer lack[ed] evidence in admissible form providing a

foundational basis for the expert's opinion that the floor he inspected three months after the accident was in the same condition as it was on the day of the accident").

Second, while Plaintiff initially presented evidence through her expert, Fein, that the floor was "polished to a very high sheen" that "[did] not give proper traction," that evidence has since been withdrawn.  (Pl.'s 56.1 ¶ 39; *see* Dkt. 8-1 at ECF 4.)  With the withdrawal of Fein's opinion, there is no evidence that the floor depicted in either Fein's or MD's photos was dangerously slippery.[8]  (Pl.'s Opp'n 3 (relying solely on withdrawn Fein report to assert that "the vinyl tiles were polished to a very high sheen with a coefficient of friction below the levels accepted by engineering safety practices"); *id.* at 10 ("[T]he expert retained by [Plaintiff's] lawyers examined a *different* part of the floor, which he found to be dangerously slippery under industry safety standards." (emphasis added)).[9])  Absent that evidence and given the undisputed fact that Plaintiff saw nothing on the floor and did not know what she slipped on, Plaintiff has not carried her burden "to present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition."  *See Lionel*, 44 F. Supp. 3d at 319; *Espriel v. Starbucks Corp.*, No. 20-

---

[8] Although Plaintiff argues that the floor was "shiny," (Pl.'s Opp'n 10), the mere fact that a floor is "shiny," absent evidence that the floor was negligently waxed or polished, does not preclude summary judgment.  *See Khaimova v. Osnat Corp.*, 799 N.Y.S.2d 779, 779 (N.Y. App. Div. 2005) ("In the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence."); *Linden v. Target Corp.*, No. 20-CV-4975 (NGG) (SIL), 2023 WL 422797, at *3 (E.D.N.Y. Jan. 26, 2023) (same); *Murphy v. Conner*, 646 N.E.2d 796, 798 (N.Y. 1994) (affirming grant of summary judgment where plaintiff offered no evidence of the reason for her fall other than the tiles being smooth, such as the tiles being wet, covered with debris, or recently polished or waxed).

[9] Here, Plaintiff's decision to withdraw Fein's report is relevant to the Court's finding that Plaintiff could not prove at trial the existence of a dangerous condition.  Furthermore, even if Plaintiff had decided to introduce Fein's report, as discussed *supra*, it would be insufficient to show a dangerous condition and, even worse for Plaintiff's case, it would tend to show that the alleged accident occurred outside Target.

CV-10881 (NRB), 2023 WL 144439, at *6 (S.D.N.Y. Jan. 10, 2023) (granting summary judgment because plaintiff failed to establish a dangerous or defective condition, where "plaintiff offer[ed] no expert affidavit, city building code, or other method of proof suggesting that the worn portion of [a step's] caution stripe ma[de] a step dangerous, defective, or unlawful"); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *5–6 (S.D.N.Y. Jan. 15, 2016) (granting summary judgment where plaintiff's only evidence of a dangerous condition was her own deposition testimony, given that the "mere fact" that she tripped when her shoe got stuck on a door saddle "does not establish the existence of a dangerous condition or defect").[10]

## CONCLUSION

For all the foregoing reasons, Defendant's motion for summary judgment is granted.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 15, 2024
Brooklyn, New York

---

[10] Because Plaintiff does not establish that a dangerous condition existed, the Court does not reach Defendant's argument that Plaintiff fails to show that Defendant was on actual or constructive notice of a dangerous condition.  (Def.'s Mem. 15–18.)  However, the Court notes that there is no evidence in the record of Defendant's creation of any dangerous condition or being on actual or constructive notice of such a condition.